## Nancy Adelaide Irwin's Appeal.

---

### Irwin's Estate.

**When an executor has filed a first account which implies further assets to be administered, a creditor after waiting for five years is entitled either to another account or to some explanation of the delay.**

(Argued April 20, 1887.  Decided May 2, 1887.)

January Term, 1886, No. 444, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ.  Appeal from a decree of the Orphans' Court of Montgomery County, directing a citation to issue.  Affirmed.

The petition of J. M. Albertson, filed in October, 1885, represented:

That Ninian Irwin died May 5, 1877, leaving a last will and testament which was duly proved before the register of wills of said county after the said testator's death, and letters testamentary thereon were by said register duly issued to his widow, Nancy Adelaide Irwin, and that on February 5, 1881, the said executrix filed a first account and that since said time she has filed no account.  That your petitioner is a creditor of the said estate, and that more than one whole year has elapsed since filing the first account.  Your petitioner therefore prays the court to award a citation against the said Nancy Adelaide Irwin, commanding her to file an account in said estate at the next term of court or make such other or further order as to Your Honor may seem meet or the laws may require.

The answer of the said Nancy Adelaide Irwin alleged:

That the matters alleged in the petition for said citation are not sufficient in law to entitle the petitioner to the said citation, nor to the account therein prayed for. She therefore prays to be hence dismissed, and that her reasonable costs may be decreed to her.

Upon granting the citation as prayed, BOYER, P. J., filed the following opinion:

When this petition was presented the court granted a rule upon the executrix to show cause why a citation as prayed for should not issue commanding her to file an account; which was made returnable to the February adjourned court. The clerk by a clerical error indorsed upon the petition that a citation had been awarded as prayed for. The same day the acceptance of service at bar was indorsed upon the petition by the counsel of the executrix, G. R. Fox & Son, Esquires. No citation or rule appears to have been actually issued or served. I shall consider it therefore as intended—a rule to show cause; and so the counsel for the executrix seem to have treated it when they filed their demurrer to the petition.

We think, however, that when an executrix has filed, as in this case, a first account, which implies further assets to be administered, a creditor of the estate, after waiting about five years after the partial account, is entitled, without showing more, either to another account or to some explanation of the delay. If there be any good reason why the executrix should not further account at present, it would have been but just to disclose it; and upon sufficient cause shown the court would have extended the time. But the respondent has chosen instead to rely upon a demurrer, which we do not consider sufficient as an answer to the rule.

And now, March 1, 1886, the rule is made absolute; and a citation is directed to issue commanding the respondent as executrix of the last will and testament of Ninian Irwin, deceased, to file a further account on or before the first day of May, 1886.

This action of the court was assigned as error.

*G. R. Fox & Son,* for appellant.—The only question in the case is whether the petitioner set forth in his petition such a case as entitled him to the decree he obtained.

A demurrer is an allegation that, admitting the facts of the preceding pleading to be true, as stated by the party making it, he has yet shown no cause why the party demurring should be compelled by the court to proceed further.    Co. Litt. 71 b; Stephen, 61; 5 Mod. 232.

He that demurreth in law is said to abide in law.    He will go no further until the court has decided whether the other party has shown sufficient matter in point of law to maintain his suit. Story, Eq. Pl. § 441; Seeger's Estate, 6 W. N. C. 369.

Where an executor or administrator has failed to file an account within a year from the grant of his letters, any creditor may compel him to do so.    But this right of the creditor results from the executor's duty to file an account within the specified time; and it by no means follows, when this has been performed, that further accounts will be ordered whenever the convenience or caprice of the creditor may demand.    Caldwell's Estate, 6 W. N. C. 370.

After an account of an executor has been filed, the right of creditors to a further account is not of course, but is to be determined by the circumstances of the case.    Rhoads's Appeal, 39 Pa. 186.

The first account was final and conclusive.    Witman's Appeal, 28 Pa. 378.

When executors have received money belonging to the decedent's estate, after the confirmation of a partial account, it is their duty, within a reasonable time, to file a supplementary account.

All administration accounts are treated as final.    But there is nothing to prevent a call on such representatives to file supplementary accounts, where goods, chattels, or moneys have come to their hands afterwards, belonging to the decedent's estate. Shaffer's Appeal, 46 Pa. 131.

*George W. Rogers* and *Charles Hunsicker,* for appellee.—The decree made by the court below is not a definitive one; it is only the first order in the proceeding.

The act of June 16, 1836, § 19 (Purdon's Digest, p. 1280, pl. 15) provides:    "The jurisdiction of the several orphans' courts shall extend to and embrace:

"1. The appointment, control, removal, and discharge of the guardians of minors and settlements of their accounts.

"2. The removal and discharge of the executors and administrators deriving their authority from the register of the respective county, and the settlement of their accounts.

"3. The distribution of the assets and surplusage of the estates of decedents, after such settlement among creditors and others interested."

Then the act of March 29, 1832 (Purdon's Digest, p. 1282, pl. 30) in relation to the proceedings in the orphans' courts provides:

"1. On the petition to the court of any person interested, whether such interest be immediate or remote, setting forth the facts necessary to give the court jurisdiction, the specific cause of complaint, and the relief desired, and supported by oath or affirmation, the orphans' court or any judge thereof in vacation may award a citation returnable at a day certain, not less than ten days after the issue thereof."

Subsequent sections of the same act (Purdon's Digest, p. 1283) authorized the court to make decrees, etc., so that the court has ample jurisdiction over the subject-matter; and in order to invoke that jurisdiction it is only necessary that the petition should state that there is an estate, who is the executor or administrator, that he is interested, and state the cause of complaint, or remedy sought; and this can appear upon his own oath or affirmation. Okeson's Appeal, 2 Grant Cas. 303; Moddes' Estate, 8 Legal Gaz. 94.

These appearing as they do in the petition in this case, this court, upon an examination and hearing of the case, will make such order as justice may require.

Per Curiam:

In view of the great lapse of time since the first account was filed, which showed a considerable sum of money to be in the hands of the appellant, we see no error in commanding her to file a further account.

Decree affirmed and appeal dismissed, at the costs of the appellant.